**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ELLIS E. SMITH, #46586**                                                                    **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.  2:06cv013KS-JMR**

**LOYD BEASLEY, MELINDA PARKER,
DAVID KIRKLAND, JAMES JOHNSON,
RONALD KING, CHRISTOPHER EPPS,
GLENN SPANN, UNKNOWN HOLMES, AND LARRY C. HARDY          DEFENDANTS**

<u>ORDER</u>

Upon consideration of the conditions of confinement complaint filed pursuant to

42 U.S.C. § 1983 by the plaintiff in the above entitled action, the Court finds as follows.

The plaintiff states in his complaint that he was assaulted by defendants Beasley, Parker, and

Kirkland.  The plaintiff further states that he filed an administrative grievance complaining

of the incident, but was denied relief through the ARP process by defendants Johnson, King,

Epps and Spann.  However, while the plaintiff may disagree with the findings of the

Administrative Remedy Program, it is not clear to the Court how defendants Johnson, King,

Epps, Spann and Hardy violated the plaintiff's constitutional rights.  Hence, the plaintiff shall

amend his complaint to clarify this for the Court. Accordingly, it is hereby,

ORDERED:

1.  That within twenty days of this date, plaintiff shall file a written response as

follows:

(a) specifically state how defendant James Johnson personally violated the plaintiff's

constitutional rights;  (b) specifically state how defendant Ronald King personally violated

the plaintiff's constitutional rights; (c) specifically state how defendant Christopher Epps personally violated the plaintiff's constitutional rights;  (d) specifically state how defendant Glenn Spann  personally violated the plaintiff's constitutional rights; and specifically state how defendant Larry C. Hardy personally violated the plaintiff's constitutional rights.  This requirement is made because the original complaint is unclear concerning these matters.

2.  **That failure to advise this Court of a change of address or failure to timely comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and will result in this cause being dismissed without prejudice and without further notice to the plaintiff.**

3.  That the Clerk of Court is directed to mail a copy of this order to the plaintiff at his last known address.

THIS, the   19th   day of May, 2006.


    s/John M. Roper
CHIEF MAGISTRATE JUDGE