IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ELLIS E. SMITH, #46586                                                                                    PLAINTIFF

VERSUS                                                           CIVIL ACTION NO.  2:06cv013KS-MTP

LOYD BEASLEY, MELINDA PARKER,
DAVID KIRKLAND, JAMES JOHNSON,
RONALD KING, CHRISTOPHER EPPS,
GLENN SPANN, UNKNOWN HOLMES,
AND LARRY C. HARDY                                                                                  DEFENDANTS

ORDER

Upon consideration of the complaint submitted according to 42 U.S.C. § 1983 in the above entitled action the Court makes the following findings and conclusions.  In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988).

The plaintiff states that defendants Christopher Epps, Commissioner of the Mississippi Department of Corrections, and Glenn Spann, Administrator of the Administrative Remedies Program failed to investigate the Rule Violation Report he received and is, in part, the subject of the instant civil action.  According to the Rule Violation Report attached to the complaint, the plaintiff received as punishment 20 days in administrative segregation, reclassification, and the loss of all privileges for 30 days.

To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S.

472, 484 (1995).  Under the circumstances of the instant complaint, this court finds that the plaintiff has failed to present a claim that he is entitled to the procedural due process protections of the Fourteenth amendment.

The plaintiff being placed in isolation for 20 days and the loss of all privileges for 30 days as a result of a disciplinary hearing did not result in the plaintiff suffering an atypical and significant hardship in relation to the ordinary incidents of prison life.  See Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest).  Therefore, since the plaintiff is relying "on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."  Geiger v. Jower, 404 F.3d 371, 374 (5th Cir. 2005).  Accordingly, the allegations against defendants Epps and Spann do not rise to a level of constitutional deprivation.  Hence, the plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against defendants Epps and Spann.  Accordingly, it is

**ORDERED**

1.  That Epps and Spann be dismissed with prejudice as defendants in this action.

2.   That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted.  Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3.  That the United States District Clerk is hereby directed to issue summons to the

defendants,

>LOYD BEASLEY
>South Mississippi Correctional Institution
>P.O. Box 1419
>22689 Highway 63 N
>Leakesville, MS 39451
>
>MELINDA PARKER
>South Mississippi Correctional Institution
>P.O. Box 1419
>22689 Highway 63 N
>Leakesville, MS 39451
>
>DAVID KIRKLAND
>South Mississippi Correctional Institution
>P.O. Box 1419
>22689 Highway 63 N
>Leakesville, MS 39451
>
>JAMES JOHNSON
>South Mississippi Correctional Institution
>P.O. Box 1419
>22689 Highway 63 N
>Leakesville, MS 39451
>
>RONALD KING
>South Mississippi Correctional Institution
>P.O. Box 1419
>22689 Highway 63 N
>Leakesville, MS 39451
>
>LT. UNKNOWN HOLMES
>South Mississippi Correctional Institution
>P.O. Box 1419
>22689 Highway 63 N
>Leakesville, MS 39451
>
>LARRY C. HARDY
>Mississippi State Penitentiary
>P.O. Box 609
>Parchman, MS 38738

<u>requiring a response to the complaints</u>.  The Clerk is directed to attach a copy of this order, to a copy of the response [12-1] filed July 14, 2006, and a copy of the order [9-1] filed May

22, 2006, to each complaint [1-1] that will be served on the named defendants. The United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

4. That the defendant(s) file his answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court.

5. That subpoenas shall not be issued except by order of the Court. The United States District Clerk shall not issue subpoenas upon request of the pro se litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review. The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

6. That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement. This Court hereby refers this cause to **United States Magistrate Judge Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

**The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

**It is the plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.**

SO ORDERED, this the  26th  day of September, 2006.

                                                  *s/ Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE